IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EARNEST RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-340-D |
| | ) | |
| U.S. MARSHAL MICHAEL ROACH, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Invoking 42 U.S.C. § 1983, Mr. Earnest Richardson alleges a lack of library access at the Oklahoma County Detention Center ("OCDC") from "May of 2005 until January of 2006." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 by a Prisoner in Federal Custody at cover page & pp. 1-5 (Mar. 30, 2009) ("Complaint"). Defendants John Whetsel and Michael Roach seek dismissal based on expiration of the statute of limitations.[1] The Court should grant both motions and order dismissal with prejudice.

### Standard for Dismissal

Timeliness constitutes an affirmative defense.[2] Nonetheless, "[i]f the allegations [in the complaint] . . . show that relief is barred by the applicable statute of limitations, the

---

[1]   Both parties present additional arguments for dismissal or summary judgment. *See* Defendant Michael Roach's Motion to Dismiss with Brief in Support, *passim* (June 30, 2009); Defendant Oklahoma County Sheriff John Whetsel's Motion to Dismiss and/or Motion for Summary Judgment, *passim* (June 22, 2009). The Court need not address the additional issues.

[2]   *See* Fed. R. Civ. P. 8(c)(1); *see also Youren v. Tintic School District*, 343 F.3d 1296, 1303 (10th Cir. 2003) (holding that the statute of limitations is an affirmative defense).

complaint is subject to dismissal for failure to state a claim . . . ."[3] On this issue, the Plaintiff

bears the burden to establish "a factual basis for tolling" "when the dates given in the

complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch*

*Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations omitted).

Timeliness of the Complaint

Mr. Richardson's claims are untimely as a matter of law.

I.     Applicable Statute of Limitations

For the Section 1983 claims, Defendants Roach and Whetsel argue that the applicable

statute of limitations is governed by Oklahoma's provision for personal injury actions.[4] The

Plaintiff agrees,[5] as should the Court. In Oklahoma, the limitations period for personal injury

actions is two years. *See* Okla. Stat. tit. 12 § 95(A)(3).

Because Defendant Roach is a federal actor,[6] he assumes that the Court should treat

the claim against him as one arising under *Bivens v. Six Unknown Named Agents of Federal*

---

[3]     *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Rigsbee v. Oklahoma Department of Human Services*, 2007 WL 49091, Westlaw op. at 1 n.6 (W.D. Okla. Jan. 4, 2007) (unpublished op.) ("When a complaint shows that the claims are time-barred, dismissal for failure to state a valid claim is appropriate." (citation omitted)).

[4]     *See* Defendant Michael Roach's Motion to Dismiss with Brief in Support at p. 4 (June 30, 2009); Defendant Oklahoma County Sheriff John Whetsel's Motion to Dismiss and/or Motion for Summary Judgment at pp. 4-5 (June 22, 2009).

[5]     Plaintiff's Response to Motion for Dismissal/Summary Judgment: Motion for Counterclaim/Cross Claim for Directed/Summary Judgment at p. 7 (Aug. 28, 2009) ("As a matter of federal law, all Title 42 §§ [sic] 1983 claims are characterized as actions for injury to personalrights [sic].") ("Plaintiff's Response").

[6]     *See* Complaint at pp. 1-2.

*Bureau of Narcotics*, 403 U.S. 388 (1971) rather than Section 1983. *See* Defendant Michael

Roach's Motion to Dismiss with Brief in Support at p. 2 (June 30, 2009) (stating that "[t]his

is a *Bivens* and 42 U.S.C. § 1983 action" (citation omitted)). *Bivens* would have provided

the appropriate basis for damage claims against Mr. Roach in his individual capacity.[7] But

the Court need not decide whether conversion is necessary, as the limitations period for

*Bivens* claims is also two years.[8]

Mr. Richardson invokes the five-year and three-year periods under Oklahoma law,

arguing that his claims arise out of a contract or a jail policy, which he likens to a statute.

Plaintiff's Response at pp. 12-13. Oklahoma law does provide periods for five or three years

for actions arising under a written contract or statute. *See* Okla. Stat. tit. 12 § 95(A)(1)-(2).

But the Plaintiff's argument is invalid as a matter of law.

In determining the applicable limitations period under Section 1983, the Supreme

Court has disavowed the sort of case-by-case approach urged by the Plaintiff. *Wilson v.*

*Garcia*, 471 U.S. 261, 276-80 (1985). Rather than focus on the particularities of the

---

[7]     For the applicability of *Bivens* to suits involving federal officers, see *Hartman v. Moore*, 547
U.S. 250, 254 n.2 (2006) (a *Bivens* action is the federal analog to suits brought against state officials
under Rev. Stat. § 1979, 42 U.S.C. § 1983 (citations omitted)), and Seth Waxman & Trevor
Morrison, *What Kind of Immunity? Federal Officers, State Criminal Law, and the Supremacy*
*Clause*, 112 *Yale L.J.* 2195, 2208 (2003) ("Section 1983 applies only to state and local officers, but
the Supreme Court in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics
inferred a parallel damages action against federal officers" (footnotes omitted)).

[8]     *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (holding that a two-year
limitations period governs in a *Bivens* action arising in Oklahoma); *see also Roberts v. Barreras*,
484 F.3d 1236, 1238 (10th Cir. 2007) ("A *Bivens* action is subject to the limitation period for an
action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the
state where the cause of action accrues." (citations omitted)).

underlying facts, the Supreme Court has required lower courts to classify all Section 1983

suits as "personal injury" claims for purposes of the applicable limitations period. *Id.* at 271-

75, 280.

Following this approach, the Tenth Circuit Court of Appeals has rejected similar

efforts in Section 1983 cases to invoke the limitations period for contractual or statutory

claims.

For example, a Section 1983 claimant invoked Oklahoma's five-year period for

contract actions in *Hornsby v. Baker*, 81 F.3d 172, 1996 WL 131668 (10th Cir. Mar. 25,

1996) (unpublished op.), and *Davis v. Ferrell*, 940 F.2d 1538, 1991 WL 150862 (10th Cir.

Aug. 7, 1991) (unpublished op.).  In both cases, the claims involved wrongful discharge, but

the federal appeals court applied Oklahoma's two-year period for personal injury claims

rather than the five-year period for contract actions.  *Hornsby v. Baker*, 1996 WL 131668,

Westlaw op. at 1; *Davis v. Ferrell*, 1991 WL 150862, Westlaw op. at 2.  These decisions are

persuasive, and the federal district court should follow them in applying Oklahoma's two-

year period for personal injury actions rather than the five-year period for suits involving

written contracts.

The Court should also reject the Plaintiff's reliance on Okla. Stat. tit. 12 § 95(A)(2).

This provision provides a three-year provision for "an action upon a liability created by

statute other than a forfeiture or penalty."  *See* Okla. Stat. tit. 12 § 95(A)(2).  Kansas has a

virtually identical provision, providing a limitations period of three years for "[a]n action

upon a liability created by a statute other than a penalty or forfeiture." Kan. Stat. Ann. § 60-512.  In *Peoples v. Finney County Board of Commissioners*, 56 F.3d 78, 1995 WL 326131, Westlaw op. at 1 (10th Cir. June 1, 1995) (unpublished op.), the plaintiff sued under Section 1983 and argued that Kansas' three-year provision applied.  The Tenth Circuit Court of Appeals rejected the argument based on the view "consistently held" within the Tenth Circuit that the applicable limitations period is the one for injury to the rights of another. *Peoples v. Finney County Board of Commissioners*, 56 F.3d 78, 1995 WL 326131, Westlaw op. at 2 (10th Cir. June 1, 1995) (unpublished op.);[9] *accord National Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1161-62 n.2 (4th Cir. 1991) (relying on *Wilson v. Garcia* in holding that in Section 1983 actions, the limitations period is based on the provision for personal injury actions rather than the clause governing liability created by statute).

    *Peoples* is persuasive. As noted above, Oklahoma's three-year provision for actions involving statutory liability is virtually identical to the clause considered in *Peoples*.  *See supra* pp. 4-5.  In considering the Kansas provision, the court concluded that the limitations period for Section 1983 cases is the one involving claims for personal injury rather than suits

---

[9]      Prior to *Wilson v. Garcia*, the Tenth Circuit Court of Appeals had addressed the issue under Oklahoma law in *Abbitt v. Franklin*, 731 F.2d 661 (10th Cir. 1984) (*en banc*).  There the plaintiff invoked Section 1983 and relied on Oklahoma's three-year provision "applicable to an action on a liability created by statute."  *Abbitt v. Franklin*, 731 F.2d at 663 (citing Okla. Stat. tit. 12 § 95(Second) (1981)).  The *Abbitt* court rejected the argument and concluded that in Oklahoma, the applicable provision was the one for personal injury actions rather than liabilities created by statute. *Id*. at 662.  The Tenth Circuit Court of Appeals subsequently concluded that this approach continued to apply following the Supreme Court's decision in *Wilson v. Garcia*.  *Meade v. Grubbs*, 841 F.2d 1512, 1523 (10th Cir. 1988).

arising from statutory liability. *See supra* p. 5.  There is no basis for the Court to reach a different result with Oklahoma's nearly identical statute.

For his contrary position, Mr. Richardson relies solely on *Shah v. Halliburton Co.*, 627 F.2d 1055 (10th Cir. 1980).  Plaintiff's Response at p. 8.  But *Shah* was expressly overruled in *Jackson v. City of Bloomfield*, 731 F.2d 652, 653-54 (10th Cir. 1984) (*en banc*) ("To the extent that *Shah* permits the longer of two arguably analogous statutes to govern a civil rights claim, it is clearly inconsistent with our analysis in *Garcia* and is hereby expressly overruled."), and *Equal Employment Opportunity Commission v. Gaddis*, 733 F.2d 1373, 1380 (10th Cir. 1984) (*en banc*) (authorization of the decision to overrule *Shah* to the extent that it was inconsistent with the panel opinion).

The Supreme Court's categorical approach forecloses any effort to rely on the limitations provisions for contractual or statutory claims.  In Oklahoma, the period for personal injury claims is two years. *See supra* p. 2.  This provision governs regardless of the particulars of Mr. Richardson's underlying allegations.

II.     Application of the Two-Year Limitations Period to Mr. Richardson's Claims

For purposes of the limitations period, claims under *Bivens* or Section 1983 accrue when the claimant knows or has reason to know of the existence and cause of the injury. *See Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) (*Bivens*); *Baker v. Board of Regents of the State of Kansas*, 991 F.2d 628, 632 (10th Cir. 1993) (Section 1983).  Under this

standard, the accrual date is not affected by the claimant's lack of knowledge regarding the applicable law.[10]

Mr. Richardson alleges lack of library access during the time that he was incarcerated at the OCDC. Complaint at pp. 3-6. According to the Plaintiff, he lacked access from "May of 2005 until January of 2006." *Id.* at p. 2. And Mr. Richardson acknowledges that he "knew and was aware that he had been denied use of the law library when the incident occurred in 2005." Plaintiff's Response at p. 9. Thus, for injuries stemming from the denial of library access, the two-year period of limitations would have ended by January 2008, which was two years from the latest constitutional violation. *See supra* p. 7. Mr. Richardson filed the complaint no earlier than March 23, 2009,[11] over a year after the limitations period had expired.

---

[10]   *See Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (stating that the claimant's insufficient knowledge regarding the elements of the crime or the requirements for a warrantless arrest has "no bearing on the accrual date for his [*Bivens*] claim" (citation omitted)); *Woodward v. Sedgwick County Jail Administrator*, 106 F.3d 414, 1997 WL 31548, Westlaw op. at 2 (10th Cir. Jan. 27, 1997) (unpublished op.) (holding that in a Section 1983 action, "[t]he fact that plaintiff may not have discovered the legal basis for his claim until later did not extend the time in which he was required to bring his action" (citations omitted)).

[11]   The complaint was deemed "filed" when Mr. Richardson had given it to prison authorities for mailing. *See Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (holding "that the prison mailbox rule articulated in [*Houston v. Lack*, 487 U.S. 266 (1988)] applies equally to an inmate's filing of a civil rights complaint" (footnote omitted)). The Plaintiff does not say when he gave the complaint to officials for filing. However, Mr. Richardson verified the complaint on March 23, 2009, and the Court received the document seven days later. *See* Complaint at pp. 1, 9. The Court may assume *arguendo* that the Plaintiff had mailed the document on the same day that he verified it as truthful.

III.     Unavailability of Tolling

The availability of tolling is governed by state law.[12]  In Oklahoma, tolling may be available if the claimant had a "legal disability" when the cause of action accrued.  Okla. Stat. tit. 12 § 96.  The term "legal disability" refers to incompetency or status as a minor.[13] And, Oklahoma's exceptions to a statute of limitations "are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience."  *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995) (footnote omitted).

Mr. Richardson urges tolling on two grounds, but both are invalid.

First, Mr. Richardson argues:  "Plaintiff knew and was aware that he had been denied use of the law library when the incident occurred in 2005.  What he did not know was the existence of a so called Bivens action."  Plaintiff's Response at p. 14; *see supra* p. 7.  Mr. Richardson's ignorance of the law would not justify tolling.  *See McCoy v. Damron*, 9 Fed. Appx. 994, 996 (10th Cir. June 7, 2001) (unpublished op.) (holding that a *pro se* inmate's ignorance of the law would not justify tolling under Oklahoma law).

Second, the Plaintiff suggests that his status as a new prisoner should toll the limitations period, as he had to "go through the process of being processed in prison[,]

---

[12]     *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (concluding that in a Section 1983 action, state law governs tolling of the limitations period); *Roberts v. Barreras*, 484 F.3d 1236, 1238, 1240 (10th Cir. 2007) (holding that state law governs tolling in *Bivens* actions).

[13]     *See Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (stating that Oklahoma courts have applied Okla. Stat. tit. 12 § 96 "only for plaintiffs whose competency is impaired or who have not reached the age of majority" (citations omitted)).

physicals, appointments, indoctrination, and orientation." Plaintiff's Response at p. 15. The

Court may assume *arguendo* that equitable tolling could be triggered by Mr. Richardson's

processing into the prison system.[14]  Even with this assumption, however, the complaint

would have been late.  Mr. Richardson estimates that his processing into the prison system

would have accounted for roughly six months.  *Id.* at p. 10.  But even if the Court were to

add six months to the limitations period, Mr. Richardson would have had to file the

complaint by July 2008[15] and he waited to do so until March 2009.[16]  As a result, the

Plaintiff's argument could not render the action timely.  *See Young v. Davis*, 554 F.3d 1254,

1258 (10th Cir. 2009).[17]

---

[14]     State and federal courts in Oklahoma have not regarded prisoner status as a "legal disability."
*See State v. Seven Hundred Twenty Five Dollars*, 136 P.3d 1076, 1079-80 (Okla. Civ. App. 2006)
(rejecting the plaintiff's argument that incarceration constitutes a "legal disability" under Okla. Stat.
tit. 12 § 96); *Ames v. Oklahoma*, 158 Fed. Appx. 114, 117 (10th Cir. Dec. 7, 2005) (unpublished op.)
(rejecting an argument that "incarceration amounts to a 'legal disability'" under Okla. Stat. tit. 12
§ 96).

[15]     As noted above, the cause of action accrued by January 2006.  *See supra* p. 7.  An additional
six months would postpone the accrual date to July 2006.  Mr. Richardson contends that the six-
month period would have ended in "September of 2006," when he admittedly would have had "an
opportunity to discover 'facts that would support a cause of action or should be apparent [sic].'"
Plaintiff's Response at p. 10.  But even with his computation, the action would be untimely.  As
noted above, the limitations period is two years under Section 1983 or *Bivens*.  *See supra* pp. 2-3.
Mr. Richardson brought the action no earlier than March 2009, more than two years after he
admittedly had an opportunity to discover the underlying facts.  *See supra* p. 7 & *supra* note 15.

[16]     *See supra* p. 6.

[17]     In *Young v. Davis*, a *Bivens* claimant urged tolling based on his inability to use a law library
for a period of roughly six months.  *See Young v. Davis*, 554 F.3d at 1258.  The Tenth Circuit Court
of Appeals rejected the argument and explained:

> [The plaintiff] fails to explain how his lack of access to a law library during this six-
> month period prevented him from timely filing his complaint eighteen months later,

IV.     Summary

Mr. Richardson is not entitled to tolling, and his filing of the complaint in March 2009

was too late.  As a result, the Court should grant the motions to dismiss filed by Messrs.

Whetsel and Roach.  Because amendment would not cure the defect, the dismissals should

be with prejudice.[18]

## Summary of Recommendations

The Court should grant the two motions to dismiss based on expiration of the

limitations period.  The dismissal should be with prejudice.

## Notice of the Right to Object

The parties can object to the present report and recommendation.  Any such objection

must be filed with the Clerk of this Court by October 18, 2009.  *See* W.D. Okla. Local Civil

Rule 72.1.  The failure to timely object would foreclose appellate review of the suggested

rulings.[19]

---

before the statute of limitations expired on January 28, 2007.  He has not shown that
he pursued his claims with reasonable diligence and therefore is not entitled to
equitable tolling.

*Id.*

[18]     *See United States v. Salina Regional Health Center, Inc.*, 543 F.3d 1211, 1214, 1216, 1226
(10th Cir. 2008) (holding that the district court had erred in dismissing claims without prejudice,
rather than with prejudice, when they were barred by the statute of limitations); *see also Curley v.
Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (because no amendment could cure the defect, the
district court properly dismissed the complaint with prejudice).

[19]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75
F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate
judge's recommendation are deemed waived.").

Status of the Referral

The referral is not terminated.

Entered this 23rd day of September, 2009.

_____

Robert E. Bacharach
United States Magistrate Judge