IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EARNEST RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-340-D |
| | ) | |
| U.S. MARSHAL MICHAEL ROACH, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The Plaintiff has not filed proof of service on the nine "John Doe" defendants, and the Court should dismiss without prejudice all claims against the nine parties.

Generally, service is required within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(m). In light of the need for screening, the Court began the 120-day period when service was authorized.[1] With this computation, the 120th day fell on August 18, 2009. The Court has extended this deadline to September 15, 2009. *See* Order (Aug. 28, 2009). Even with the benefit of extensions, Mr. Richardson has still not filed proof of service on John Does 1 through 9.[2]

---

[1]   *See* Fed. R. Civ. P. 4(m) - advisory committee notes: 1993 Amendments ("The district court should . . . take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." (citation omitted)).

[2]   The Plaintiff presumably failed to effect service on the "John Doe" defendants because he did not know how to obtain documents that would identify these parties. *See* Wasserman, *Civil Rights Plaintiffs and John Doe Defendants: A Study in Section 1983 Procedure*, 25 Cardozo L. Rev. 793, 816 (2003) ("A plaintiff perhaps could sue only John Doe or 'Unknown Officers,' but this raises the genuine question of how to serve a Complaint that names no identifiable person or entity as

Notwithstanding the Plaintiff's apparent failure to effect timely service, the Court must consider whether the record reflects "good cause" for another extension of time. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Three factors are pertinent:

- the statute of limitations,

- service on the United States, and

- evasion of service.

*See id.* at 842. None of the factors supports a further extension of time for service.

First, the Court should consider whether the statute of limitations would bar a refiled action. *See id.* As discussed in a prior report, the complaint against Messrs. Roach and Whetsel was untimely. Based on the discussion in that report, the claims against the "John Doe" defendants may also be untimely. Even if they are, however, the proposed dismissal would not affect the timeliness of the claims against the John Doe defendants.

If the existing claims against the John Doe defendants are timely, the state savings statute would protect Mr. Richardson's right to sue again.[3] And if the existing claims against

---

defendant." (footnotes omitted)). While understandable, the Plaintiff's confusion would not excuse compliance with Rule 4(m). "Having chosen to file a civil action in the district court," Mr. Richardson "assumed the responsibility for complying with the rules of civil procedure." *Chester v. Green*, 120 F.3d 1091 (10th Cir. 1997). Thus, even though he was acting *pro se*, Mr. Richardson was obligated to follow Rule 4(m) and his lack of legal knowledge would not supply "good cause" for a further extension of time. *See Broitman v. Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (stating that "[p]ro se litigants must follow the requirements of [the predecessor to Rule 4(m)]" and that "ignorance of the rules . . . usually do not suffice" to demonstrate "'good cause' for failure of timely service" (citations omitted)).

[3]      *See* Okla. Stat. tit. 12 § 100; *see also Mott v. Carlson*, 786 P.2d 1247, 1248 (Okla. 1990) (stating that a suit dismissed for failure to serve a summons under state law may be refiled within one year under Okla. Stat. tit. 12 § 100); *cf. Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla. 1993)

the John Doe defendants are untimely, the proposed dismissal would not result in prejudice to Mr. Richardson. Mr. Richardson's opportunity to refile the dismissed claims weighs against an extension of time for service.

Second, the Court should consider the complexity of service on the United States. *See id.* This factor is neutral because the Plaintiff has not stated whether the "John Doe" defendants are employees of the United States.[4]

Third, courts may consider whether the defendant is avoiding service. *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to constitute 'good cause.'" (citations omitted)). This factor supports dismissal because no evidence exists regarding evasion of service by any of the unserved defendants.

The Plaintiff has not shown good cause for his failure to effect service, and the Court should dismiss without prejudice the claims against John Does 1 through 9.[5]

---

(Okla. Stat. tit. 12 § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma" (citation omitted)).

[4]    If the nine "John Doe" defendants are federal employees, Mr. Richardson may have been entitled to extra time for service. *See* Fed. R. Civ. P. 4(i)(3)-(4). However, the Court has already given Mr. Richardson 44 extra days to serve Mr. Hatherly. *See supra* p. 1.

[5]    *See Scott v. Hern*, 216 F.3d 897, 911-12 (10th Cir. 2000) (upholding dismissal of an action against unnamed police officers, identified as "John and Jane Does," for failure to effect timely service under Rule 4(m)).

The parties can object to the present report and recommendation. Any such objection must be filed with the Court Clerk by October 21, 2009. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling.[6]

The referral is not terminated.

Entered this 1st day of October, 2009.

Robert E. Bacharach
United States Magistrate Judge

---

[6]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").